IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**WCSJR II CORPORATION,**

      **Plaintiff,**

vs.                               **CASE NO.:**

**ARCH SPECIALTY
INSURANCE COMPANY,**

      **Defendant.**
_____/

## COMPLAINT

Plaintiff, WCSJR II CORPORATION ("PLAINTIFF"), by and through its undersigned counsel, hereby files its Complaint for breach of contract against the Defendant, ARCH SPECIALTY INSURANCE COMPANY ("ARCH SPECIALTY"), and as grounds therefore state as follows:

1. This is an action arising out of an insurance contract against the Defendant, ARCH SPECIALTY.

2. The amount in controversy in this action exceeds the sum of Thirty Thousand and 00/100 ($30,000.00) Dollars, exclusive of pre-judgment interest, court costs, and attorneys' fees.

3. At all times relevant hereto, WCSJR II owned commercial property located at 7205 Estero Boulevard, Fort Myers Beach, Lee County, Florida ("the Insured Property").

4. At all times material ARCH SPECIALTY had a registered agent in Florida and was authorized to, and did in fact, engage in the business of selling and providing

1

insurance policies throughout the State of Florida to insure properties throughout state, including Lee County, Florida.

5. In consideration of the premium paid to it by WCSJR II, ARCH SPECIALTY issued a contract of insurance to WCSJR II, Policy Number ESP 7303715-00 ("the Policy"), which was in full force and effect during the time the Insured property was damaged by Hurricane Irma, a covered cause of loss under the policy. A copy of the Policy as provided by the Insured is attached as **Exhibit "A."**

6. Specifically, on or about September 10, 2017, PLAINTIFF'S Insured Property was damaged by Hurricane Irma.

7. WCSJR II timely reported the loss and damage to ARCH SPECIALTY.

8. On or about November 27, 2019 WCSJR II submitted a signed, sworn Proof of Loss dated November 27, 2019 that was supported by Engineering findings and Xactimate Estimate.

9. Instead of paying the amounts due and owing pursuant to WCSJR's Proof of Loss and supporting documentation in whole or in part, ARCH SPECIALTY retained the services of ENGLE MARTIN & ASSOCIATES, an independent adjusting firm and THORTON TOMASETTI, an engineering firm, to investigate the loss and damages.

10. Despite evidence of Irma-related damages, THORTON TOMASETTI blamed the damages on causes that are excluded from coverage under WCSJR II's policy, including pre-existing damages and wear and tear.

11. Instead of disclosing this report right away to its Insured, ARCH SPECIALTY asked for WCSJR's Examination Under Oath, ("EUO").

12. WCSJR II then retained the services of the undersigned to assist with its claim, and to represent it during the EUO.

2

13. Prior to the EUO, WCSJR II cooperated with ARCH SPECIALTY's request for documents that had not yet been provided and turned over documentation including but not limited to, photographs, drone footage, invoices, roof maintenance records, and a maintenance timeline.

14. On May 7, 2020, ALVA E. DURRETT appeared for the requested EUO on behalf of WCSJR II and answered all questions that were asked of him by ARCH SPECIALTY's counsel.

15. Nonetheless, despite evidence of Irma-related damage, and full cooperation on behalf of its Insured, by letter dated June 16, 2020, ARCH SPECIALTY denied WCSJR II's insurance claim. A copy of the denial letter is attached as **Exhibit "B."**

16. Based on the dispute, WCSJR II was compelled to retain its own professionals in order to review the findings of WCSJR II's professional experts, and ARCH SPECIALTY's experts, and to evaluate the loss and damages.

17. Specifically, on or about June 26, 2020, WCSJR II retained the services of BILLERREINHART ENGINEERING GROUP, INC. ("BILLERREINHART") to review and analyze WCSJR II's experts' findings, THORTON THOMASETTI's findings, and to review the invoices, roof maintenance records and pictures of the loss and damages. The BILLERREINHART report dated August 18, 2020 is attached as **Exhibit "C."**

18. Upon completing its investigation it was BILLERREINHART's professional opinion that,

> Wind forces, debris impact, and impact from displaced roof top A/C units experienced during Hurricane Irma caused damage to the roof system.

3

> Moisture staining observed (after the passing of Hurricane Irma) on the structure's interior ceiling finishes is due to a damaged and breached roof membrane resulting in multiple roof leaks. The roof membrane breaches are due to wind uplift forces, debris impact, and tensile and compressive stresses in the roof membrane resulting from the wind induced cyclical deflection of the roof structure during the storm event.

See **Exhibit "C,"** pp. 11-12.

19. Due to the foregoing, BILLERREINHART also recommended the "removal and replacement of the built up/modified bitumen roof systems over shopping center buildings," and "Repair and/or replacement of damaged interior ceiling finishes." See **Exhibit "C,"** p. 12.

20. WCSJR II then retained the services of TRIAD RESTORATION SERVICES, to prepare a comprehensive repair estimate based on its site inspection, the BillerReinhart findings, and a review of all available documentation. See the Triad Report attached hereto as **Exhibit "D."**

21. In the face of documented, Irma-related damages, ARCH SPECIALTY has wholly denied WCSJR II's claim, thus breaching the insurance contract it has with its Insured.

22. At all times material, WCSJR II fully cooperated in ARCH SPECIALTY and its agents/representatives investigation of its claim, including permitting inspections of the insured property, submitting a proof of loss, providing documentation as requested, and attending an Examination Under Oath.

23. WCSJR II has done and performed all things required of it under the policy and Florida law and is otherwise waived and/or excused from performing same by the acts, representations, and/or conduct of ARCH SPECIALTY, its agents, vendors and/or employees.

4

24. As a direct result of ARCH SPECIALTY'S breach of its insurance contract, WCSJR II has been financially damaged and will continue to suffer such damage and loss in the future.

25. Finally, and as a direct result of ARCH SPECIALTY'S breach of its insurance contract, it has been necessary for WCSJR II to incur and become obligated for attorneys' fees and costs in the prosecution of this action. Florida Statute §627.428 provides for the recovery of such attorneys' fees in the event of such need.

**WHEREFORE**, the Plaintiff, WCSJR II, prays this Court provide the following relief:

1. Determine that ARCH SPECIALTY breached its insurance contract with Plaintiff;

2. Enter an order directing ARCH SPECIALTY to pay, in full, all contractual and compensatory owed under the insurance policy;

3. Award pre-judgment interest on the amounts unpaid by ARCH SPECIALTY;

4. Award the costs of this action;

5. Award attorneys' fees pursuant to Florida Statute § 626.9373; and

6. Grant such other relief as this Court may deem just and appropriate under the circumstances.

Plaintiff demands a jury trial on all issues triable.

**[SEE NEXT PAGE FOR SIGNATURE BLOCK]**

Dated: September 25, 2020

DANAHY & MURRAY, P.A.

/s/ *Erin E. Dunnavant*

**ERIN E. DUNNAVANT, ESQUIRE**
Florida Bar No.: 89328
901 W. Swann Avenue
Tampa, Florida 33606
(813) 258-3600
(813) 258-3321 (fax)
E-Service:
erin@danahyandmurray.com
damian@danahyandmurray.com
firm@danahyandmurray.com
Attorney for Plaintiff